Wyly, J.
The plaintiffs, the heirs of John Slidell, sue the defendant for two lots of ground and the buildings on Common street, which he acquired under a writ of venditioni exponas issued on the judgment condemning them, under act of Congress of July 17, 1862, as the property of John Slidell; they also claim the rents of said property since the death of Mr. Slidell, July 30, 1871. There was judgment for plaintiffs and defendant has appealed.
In Bigelow v. Forrest, 9 Wallace 339, the Supreme Court of the United States decided that the act of July 17, 1862, “to suppress insurrection, to punish treason and rebellion, to seize and confiscate the property of rebels, and for other purposes,” and the joint resolution of the same date explanatory of it, are to be construed together. Under the two thus construed all that could be sold by virtue of a decree of condemnation and order of sale under the act was a right to the property seized, terminating with the life of the person for whose offense it had been seized. The fact that such person owned the estate in fee simple, and that the libel was against all the right,, title, interest, and estate of such person, and that the sale and marshal’s deed professed to convey as much, does not change the result. In Micou v. Day, Heirs of John Slidell v. Brugere and the same v. Heath, this court followed the interpretation of the act of July 17, 1862, given by the Supreme Court of the United States in Bigelow v. Forrest and held that the confiscation did not reach beyond the life of *384 the offender. These decisions were, on writ of error, affirmed by that court. We regard the question as settled and must decide this case as we did those of the same plaintiffs against Brugere and Heath. The defendant, however, contends that as the plaintiffs were-parties to the writ of error to the Circuit Court for the District of Louisiana and the cases known as the confiscation cases, 20 Wallace 104, they are concluded by said decision from claiming that the decree of condemnation only extended to the life estate of John Slidell, because by said judgment the decree of condemnation of the District Court was ordered to be affirmed, which declared the lots in question “ the property of John Slidell” etc., “be and the same is hereby condemned as forfeited to the United States.” This same judgment condemned also the lots involved in the suit of these same plaintiffs against Brugere and also against Heath — -all of Slidell’s property was confiscated in this same decree rendered in the case styled United States v. 844 lots and 16 squares of ground, the property of John Slidell on the docket of the district court — yet in the cases mentioned this court held that the condemnation and sale only extended to the life estate of Slidell. The confiscation in the case of Benjamin, under a similar decree, this court held in the case of Micou v. Benjamin, to extend only to the life estate of the offender. In Bigelow v. Forrest, all “ the real property mentioned and described in the libel” was condemned and sold, yet the Supreme Court of the United States decided that “under the act of Congress the district court had no power to order a sale which should confer upon the purchaser rights outlasting the life of French Forrest. Had it done so it would have transcended its jurisdiction.”
How the title of the defendant, a purchaser under the same decree and order of sale as that under which Brugere and Heath purchased, could acquire a better title than they did, or than that received by him at the adjudication, because of a subsequent revision and affirmance of the said decree by the Supreme Court of the United States, it is difficult to imagine. And how the litigation of the writ of error to which plaintiffs were made parties, after the death of their father, John Slidell, and the decision maintaining the confiscation, can estop them from asserting rights which arose subsequent to the confiscation and which under act of July 17, 1862, were reserved to them notwithstanding the validity of the confiscation, it is likewise difficult to understand. In revising the decree of condemnation the rights of the parties and the questions at issue at the time of the libel and decree were the subjects of inquiry. The rights which the plaintiffs now assert were not then at issue. They could not have intervened in the confiscation proceedings against John Slidell to assert rights which only accrued to them long afterward, namely, on the death of their *385 father John Slidell. The litigation on the writ of error and the revision by the Supreme Court of the United States only involved the validity of the confiscation. Jiere the question is, are the plaintiffs entitled under act of July 17, 1862, to the property since the death of their father, notwithstanding there wasí a valid confiscation of it under said statute. Under the decisions of this court and the Supreme Court of the United States in similar cases the question must be decided in the affirmative.
Judgment affirmed.